# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Leon Henry Collins, | Case No. 25-CV-2207 (LMP/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Diana E. Murphy, Hennepin County Clerk of Court – sued in her individual and official capacities, | |
| Defendant. | |

Plaintiff Leon Henry Collins, a civil detainee of the State of Minnesota, alleges that defendant Diana E. Murphy, ostensibly the Hennepin County Clerk of Court,[1] violated his civil rights by failing to docket motions that he has attempted to file during his civil-commitment proceedings. Collins did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* Dkt. No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

Collins's IFP application is not signed, *see* Fed. R. Civ. P. 11(a), and does not contain much information regarding his current financial status. In any event, regardless

---

[1]   This Court suspects that Collins may be in error. The Clerk's Office for the District of Minnesota—that is, this federal court, not the state court—is headquartered in the Diana E. Murphy United States Courthouse in Minneapolis, Minnesota. The courthouse bears the name of the Honorable Diana E. Murphy, who was previously a judge of the United States Court of Appeals for the Eighth Circuit and of this District.

of whether Collins qualifies financially for IFP status, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

There are two substantial problems with Collins's complaint.  The first is that Collins's allegations relate to the filing (or refusal to file) court documents—a core judicial function for which court functionaries are invested with absolute immunity.  *See, e.g.*, *Boyer v. County of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (per curiam); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989).

The second is that Collins's claim of constitutional violations is premised on the assertion that the alleged actions of the Hennepin County Clerk of Court amounted to a

violation of the right of access to the courts. To state a claim of denial of access to the courts, however, a litigant must establish that "he or she suffered 'actual injury,' *i.e.*, 'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *White v. Kautsky*, 269 F. Supp. 2d 1054, 1060 (N.D. Iowa 2003) (quoting *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)). Collins is represented by counsel in the civil-commitment proceedings, which by itself substantially undercuts any claim that Collins has been foreclosed from access to the courts in pursuit of non-frivolous claims for relief relating to his civil commitment. *See United States v. Vasques*, 81 F.4th 820, 822 (8th Cir. 2023); *cf. Fiorito v. United States*, 821 F.3d 999, 1003 (noting that there is no constitutional right "to simultaneously proceed pro se and with the benefit of counsel." (Quotation omitted)). But even leaving that aside, the documents that Collins sought to file with the state court—which argued that the gold fringe around the courtroom flag demonstrated that the state court lacked jurisdiction over the commitment proceedings—did not present a non-frivolous claim for relief. *See* Pet. Ex. at 5-8. Collins's constitutional right of access to the courts therefore could not have been denied through a refusal to docket documents putting forward frivolous legal theories.

For these reasons, it is recommended that this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT **IS HEREBY RECOMMENDED** THAT:

1. This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The application to proceed *in forma pauperis* of plaintiff Leon Henry Collins [Dkt. No. 2] be DENIED.

Dated: June 2, 2025   /s/*Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).